PROB 12B
(7/93)

# United States District Court
## for
### District of Guam

FILED
DISTRICT COURT OF GUAM
JUL -7 2006
MARY L.M. MORAN
CLERK OF COURT

### Report for Modifying the Conditions or Term of Supervision
### with Consent of the Offender
(Probation Form 49, Waiver of Hearings is Attached)

| | | |
|---|---|---|
| Name of Offender | **Randall W. Fulcher Jr.** | Case Number: **CR 03-00106-001** |

Name of Sentencing Judicial Officer:   John C. Coughenour

Date of Original Sentence:   August 5, 2004

Original Offense:   Conspiracy to Distribute Controlled Substances, in violation of Title 21, United States Code, Section 846.

Original Sentence:   Time served followed by three years supervised release to include participation in a program approved by the U.S. Probation Office for substance abuse, which may include testing to determine whether the defendant has reverted to the use of drugs or alcohol, perform 300 hours community service, and pay a $100 special assessment fee. On **November 19, 2004 supervised release was revoked** and the defendant was sentenced to serve 90 days imprisonment. The 90 imprisonment sentence was stayed for a period of 90 days provided that the defendant is compliant with conditions of supervised release, and the order to perform 300 hours of community service was removed. On **February 23, 2005 supervised release was revoked** for and the defendant was sentenced to 90 days with 33 months of supervised release to follow.

Type of Supervision:   Supervised Release   Date Supervision Commenced:   May 23, 2005

### PETITIONING THE COURT

☐ To extend the term of supervision for _____ years, for a total term of _____ years.

☒ To modify the conditions of supervision as follow

1. The defendant shall perform 300 hours of community service under the direction of the U.S. Probation Office at a minimum rate of 16 hours weekly.

2. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed eight drug tests per month, as directed by the probation officer.

Report for Modifying the
Conditions or Term of Supervision
with Consent of Offender

CAUSE

page 2

*Please see attached Request to Modify Conditions of Supervised Release
by USPO GRACE D. FLORES*

Reviewed by:                                              Respectfully submitted,

ROSSANNA VILLAGOMEZ-AGUON                                 by: GRACE D. FLORES

U.S. Probation Officer                                    U.S. Probation Officer
Supervision Unit Leader

Date: 6/28/06                                             Date: 4/28/06

THE COURT ORDERS

☐ No Action

☐ The Extension of Supervision as Noted Above.

☒ The Modification of Conditions as Noted Above.

☐ Other        Issuance of a:    ☐ Summons      ☐ Warrant

Signature of Judicial Officer
WM. FREMMING NIELSEN, Designated Judge

July 6 2006
Date

RECEIVED
JUN 30 2006
DISTRICT COURT OF GUAM
HAGATNA, GUAM

# UNITED STATES DISTRICT COURT
## FOR THE
# DISTRICT OF GUAM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL CASE NO. 03-00106-001 |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| RANDALL W. FULCHER, JR. | ) | |
| Defendant. | ) | |
| | ) | |

**Re:** **Request to Modify Conditions of Supervised Release.**

On August 5, 2004, Randall W. Fulcher, Jr., was sentenced to time served and three years supervised release for the offense of Conspiracy to Distribute Controlled Substances, in violation of Title 21, United States Code, Section 846. On February 23, 2005, supervised release was revoked for three months. His term of supervised release began on May 23, 2005.

**Mandatory Condition #1:** *The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test with 15 days of release from imprisonment and at least two periodic drug tests thereafter as directed by the probation officer.* On September 2, 2005, the Ninth Circuit, in United States v. Stephens , No. 04-50170, addressed 18 U.S.C. § 3583(d) supervised release and 18 U.S.C. §3563(a)(5) probation mandatory testing conditions which requires that the district court determine the maximum number of mandatory drug tests. The Ninth Circuit held that because the statute requires the district court to determine the maximum number of drug tests under the mandatory condition, transferring this duty to the probation officer was an improper delegation of Article III judicial power. To assist the Court in determining the appropriate number of drug tests, the undersigned officer has evaluated the Mr. Fulcher's history of drug use,

and the drug detection period of his drug of choice. As marijuana is the his drug of choice and has a normal detection period of four days or less, it is recommended that the maximum number of tests the court order per month be set at eight. This will allow for adequate time intervals between tests which will help facilitate the detection of use. It also provides for enough additional tests so that the pattern of testing will not be predictable to Mr. Fulcher. To address the implications of United States v. Stephens, Ninth Circuit No. 04-50170, it is respectfully requested that the Court modify the defendant's mandatory condition to set the maximum number of tests the defendant must submit. It is therefore recommended that the mandatory condition be modified to state:

> *The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed eight drug tests per month, as directed by the probation officer.*

Additionally, Mr. Fulcher is alleged to have violated the following condition:

**Mandatory condition:** *The defendant shall refrain from any unlawful use of a controlled substance.* On April 27, 2006, Randall Fulcher tested presumptively positive for the use of marijuana. The specimen was sent to the laboratory for confirmation testing. The laboratory results indicated that the specimen was a negative dilute specimen. Mr. Fulcher later admitted in writing to using marijuana on April 26, 2006. Additionally, tests collected on May 3, 10 and 15, were positive for the use of marijuana. Mr. Fulcher stated that the positive test results were from his use on April 26, 2006. This Officer respectfully requests that the Court modify Mr. Fulcher's special conditions, pursuant to 18 U.S.C. § 3583, to include:

> *The defendant shall perform 300 hours of community service under the direction of the U.S. Probation Office at a minimum rate of 16 (sixteen) hours weekly.*

**Supervision Compliance:** On December 17, 2004, Mr. Fulcher satisfied his $100 special assessment fee. He has completed mental health treatment, maintained a stable residence, and is employed. He submitted to DNA collection on September 6, 2005.

Request to Modify Conditions of Supervised Release
Re: FULCHER Jr., Randall W.
USDC Cr. Cs. No. 03-00106-001
June 28, 2006
Page 3

**Recommendation:** Based on the information above, this Officer respectfully requests that the Court modify the conditions of supervised release, pursuant to 18 U.S.C. § 3583(e)(2) as outlined above. Attached is Probation Form 49, Waiver of Hearing to Modify Conditions of Probation/Supervised Release or Extend Term of Supervision, with Mr. Fulcher's consent to the modifications.

Respectfully submitted,

FRANK MICHAEL CRUZ
Chief U.S. Probation Officer

By:
GRACE D. FLORES
U.S. Probation Officer

Reviewed by:

ROSSANNA VILLAGOMEZ-AGUON
U.S. Probation Officer
Supervision Unit Leader

cc: Steve Chiapetta, SAUSA
Federal Public Defender
File

# United States District Court

for

*District of Guam*

## Waiver of Hearing to Modify Conditions
## of Probation/Supervised Release or Extend Term of Supervision

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release or to the proposed extension of my term of supervision:

1. The defendant shall perform 300 hours of community service under the direction of the U.S. Probation Office at a minimum rate of 16 (sixteen) hours weekly.

2. The defendant shall submit to one drug test within 15 days of placement on probation, and at least two tests thereafter, not to exceed eight tests per month, as directed by the probation officer.

Witness: _____  Signed: _____
Grace D. Flores                              Randall W. Fulcher Jr.
U.S. Probation Officer                     Probationer or Supervised Releasee

6-5-06
Date