# UNITED STATES DISTRICT COURT

District of     GUAM

| UNITED STATES OF AMERICA | AMENDED JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | |
| RANDALL W. FULCHER, JR. | Case Number: CR-03-00106-001 |
| | USM Number: 00414-093 |
| **Date of Original Judgment:** 02/25/2005 | **JOHN GORMAN, Federal Public Defender** |
| (Or Date of Last Amended Judgment) | Defendant's Attorney |

**Reason for Amendment:**

☐ Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))      **X** Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e))

☐ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))      ☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))

☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(a))      ☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))

☐ Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

☐ Direct Motion to District Court Pursuant ☐ 28 U.S.C. § 2255 or ☐ 18 U.S.C. § 3559(c)(7)

☐ Modification of Restitution Order (18 U.S.C. § 3664)

**THE DEFENDANT:**

**X** admitted guilt     violations of conditions(s) SEE BELOW of the term of supervision

☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.

☐ was found guilty on count(s) _____ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| **Violation Number** | **Nature of Violation** | **Violation Ended** |
|---|---|---|
| 1 | FAILURE TO PARTICIPATE IN SUBSTANCE ABUSE TREATMENT | |
| 2 | FAILURE TO RECEIVE A PSYCHOLOGICAL EVALUATION | |

The defendant is sentenced as provided in pages 2 _____ 4 _____ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

**11/26/2007**
Date of Imposition of Judgment



**/s/ Frances M. Tydingco-Gatewood**
      **Chief Judge**
**Dated: Mar 19, 2008**

AO 245C  (Rev. 06/05) Amended Judgment in a Criminal Case
Sheet 2 — Imprisonment

(NOTE: Identify Changes with Asterisks (*))

Judgment — Page 2 of 4

DEFENDANT: **RANDALL W. FULCHER, JR.**
CASE NUMBER: **CR-03-00106-001**

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term

    90 DAYS

☐ The court makes the following recommendations to the Bureau of Prisons:

☐ The defendant is remanded to the custody of the United States Marshal.

X The defendant shall surrender to the United States Marshal for this district:

    X at  on or before 12:00 noon  ☐ a.m.  ☐ p.m.  on  March 7, 2005  .

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 p.m. on  .

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

a _____ with a certified copy of this judgment.

UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245C    (Rev. 06/05) Amended Judgment in a Criminal Case  
Sheet 3 — Supervised Release                  (NOTE: Identify Changes with Asterisks (*))

Judgment—Page 3 of 4

DEFENDANT: **RANDALL W. FULCHER, JR.**  
CASE NUMBER: **CR-03-00106-001**

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of  
**33 MONTHS**

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☐ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

☐ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record, personal history, or characteristics and shall permit the probation officer to make such notifications and confirm the

AO 245C     (Rev. 06/05) Amended Judgment in a Criminal Case  
Sheet 3A — Supervised Release     (NOTE: Identify Changes with Asterisks (*))

Judgment—Page 4 of 4

DEFENDANT: **RANDALL W. FULCHER, JR.**  
CASE NUMBER: **CR-03-00106-001**

# ADDITIONAL SUPERVISED RELEASE TERMS

1. Defendant shall comply with the standard conditions of supervised release as set forth by the U.S. Sentencing Commission.

2. Defendant shall not use or possess illegal controlled substances and submit to one urinalysis within 15 days of release from custody and to two more urinalysis within 60 days thereafter.

3. Defendant shall participate in a substance abuse treatment program approved by the U.S. Probation Office for the treatment of narcotic addiction or drug or alcohol dependency which will include testing for the detection of substance use or abuse. The defendant shall also make co-payment for treatment at a rate to be determined by the U.S. Probation Office.

4. Defendant shall refrain from the use of alcohol and submit to testing.

5. Defendant shall receive a psychological evaluation and follow recommendations of the treatment provider.

6. Defendant shall obtain and maintain gainful employment.

7. Defendant shall maintain stable housing.

8. Defendant is to attend all counseling and or drug testing as ordered by the probation officer.

9. Defendant is to maintain contact on a timely basis and obey all instructions of the probation officer.

\*\*\* **MODIFIED 07/07/2006** \*\*\*

1. Defendant shall perform 300 hours of community service under the direction of the U.S. Probation Officer at a a minimum rate of 16 hours weekly.

2. Defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed eight drug tests per month, as directed by the Probation officer.

\*\*\* **MODIFIED 11/26/2007** \*\*\*

1. Defendant agrees to convert 100 hours of community service to a fine at a rate of $5.15 hourly for a total of $515.00.

2. Defendant further agrees to make a minimum fine payment of $150.00.

3. Defendant shall participate in the home detention component of the Home Confinement Program for a period of one month, and abide by all the requirements of the program which will include electronic monitoring. Defendant shall pay all or part of the costs of the program based on his ability to pay as determined by the probation officer. Defendant is to be restricted to his residence at all times except for employment; education; religious service; medical; substance abuse or mental health treatment; attorney visits; court appearances; court ordered obligations; or other activities as pre-approved by the probation officer.